UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARIES D. ADDISON,

        Plaintiff,

v.                                                     Case No. 18-cv-395-pp

WARDEN SCOTT ECKSTEIN,

        Defendant.

**ORDER OVERRULING PETITIONER'S OBJECTIONS TO REPORT AND RECOMMENDATION (DKT. NO. 7), ADOPTING MAGISTRATE JUDGE DUFFIN'S RECOMMENDATION (DKT. NO. 7) AND DISMISSING PETITION WITHOUT PREJUDICE**

On March 13, 2018, the petitioner, who is representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his November 21, 2012, judgment of conviction in Milwaukee County Circuit Court for multiple charges related to human trafficking and sexual assault. Dkt. No. 1. He paid the $5.00 filing fee. Two weeks later, Magistrate Judge William E. Duffin screened the petition under Rule 4 of the Rules Governing Section 2254 Cases, and recommended that this court dismiss the petition because the petitioner has appeals pending in the Wisconsin Court of Appeals. Dkt. No. 6. The petitioner filed timely objections to the recommendation. Dkt. No. 7. The court agrees with Judge Duffin's recommendation, adopts it and dismisses the petition.

I.   **Background**

In 2011, the State of Wisconsin charged the defendant in three different felony cases: 2011CF002881, 2011CF001079, and 2011CF001664. Dkt. No. 1 at 2. The Milwaukee County Circuit Court joined the cases, and in August of 2012, a jury convicted the defendant on several of the charged counts. See "Verdict," docket entry 8-28-2012, State v. Addison, Case No. 2011CF002881 (Milwaukee County Circuit Court), located at https://wcca.wiscourts.gov. On November 16, 2012, the judge sentenced the petitioner to ninety-five years of confinement, followed by eighty years of extended supervision. Dkt. No. 1 at 2.

The petition does not indicate when the petitioner filed his direct appeal, but the petitioner does say that he appealed. Dkt. No. 1 at 4. The Wisconsin Circuit Court Access Program indicates that the court of appeals extended the petitioner's time for filing a notice of appeal or postconviction motion multiple times before the petitioner finally filed his notice of appeal on January 4, 2018. See "Notice of appeal transmittal," docket entry 1-04-2018, States v. Addison, Case No. 2011CF002881 (Milwaukee County Circuit Court) located at https://wcca.wiscourts.gov. WCCAP also indicates that the appeal remains pending. Id.

The petition raises six grounds for relief: (1) denial of speedy trial rights, dkt. no. 1 at 7-8; (2) ineffective assistance of pre-trial counsel, id. at 8-9; (3) invalid waiver of right to counsel, id. at 9; (4) denial of right to counsel, id. at 10; (5) violation of the petitioner's First Amendment right to practice his faith, id. at 11; and (6) denial of his right to a fair trial, id. at 11-12.

## II.     Judge Duffin's Recommendation (Dkt. No. 6)

Judge Duffin looked to the public records of the Wisconsin Court of Appeals and found that the petitioner's direct appeal of his conviction was still pending. Dkt. No. 6 at 2. Because the appeal remains pending, and because "[e]xhaustion of state remedies is a threshold requirement before a federal habeas court considers the merits of the petitioner's claims[,]" id. at 2 (citing Day v. Mcdonough, 547 U.S. 198, 205 (2006)), Judge Duffin recommended that this court dismiss the petition without prejudice. Dkt. No. 6 at 2.

## III.    Standard of Review

Under Rule 12 of the Rules Governing Section 2254 Cases, the Federal Rules of Civil Procedure apply to *habeas* cases filed under 28 U.S.C. §2254. Under Federal Rule of Civil Procedure 72(b)(3), if a party objects to a magistrate judge's report and recommendation, the district court must conduct a *de novo* review of any portion of the recommendation to which the party properly objected. Fed. R. Civ. P. 72(b)(3). The district court may "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Id.

## IV.    Analysis

The petitioner's stated reason for filing for *habeas* relief was "extreme direct appeal delays." Dkt. No. 1 at 4. In his objection to Judge Duffin's recommendation, the petitioner argues that he "has in fact been prejudiced due to 'delays' and 'ineffective counsel,'" thereby "render[ing] [his] direct appeal process ineffective to protect his rights." Dkt. No. 7 at 1. The petitioner argues

3

that because the Wisconsin Court of Appeals has taken so long to decide his appeal, this court either should grant a conditional writ ("release the prisoner [if] the state does not decide the Petitioners appeal within a specific period"), or "order the State to decide the appeal." Id. at 4. The petitioner says that the ineffective assistance of his attorney in state court "deprived him of an opportunity to pursue a meaningful direct appeal from his conviction[.]" Id.

A person convicted in state court cannot seek relief in federal court via a writ of *habeas corpus* under 28 U.S.C. §2254 until that person first exhausts the remedies available to him in state court. 28 U.S.C. §§2254(b)(1)(A), (C). In other words, a federal *habeas* court may not consider the merits of a petitioner's claim until that petitioner exhausts his state remedies. Day v. McDonough, 547 U.S. 198, 205 (2006). The only exception to the exhaustion requirement is when "(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant." 28 U.S.C. §§2254(b)(1)(B)(i)-(ii).

The petitioner has not argued that Wisconsin's post-conviction procedures are inadequate to adjudicate any of the six claims he raises in the petition. Rather, he indicates that the circumstances in his case—all of the delays in his appeal process—have rendered the process ineffective to protect his rights. But the Wisconsin Court of Appeals docket, accessible at https://wscca.wicourts.gov, shows that it was the *petitioner* who sought numerous extensions of time to file a postconviction notice or notice of appeal in the consolidated cases between March of 2015 and January 2018. State v.

4

Maries D. Addison, Appeal No. 2018AP000055-CR (reflecting that the court granted the petitioner's requests for extensions on March 10, 2015; May 8, 2015; July 8, 2015; September 9, 2015; November 5, 2015; January 6, 2016; February 5, 2016; April 6, 2016; June 9, 2016; August 9, 2016; October 6, 2016; November 8, 2016; January 9, 2017; February 24, 2017; April 21, 2017; May 1, 2017; June 30, 2017; August 29, 2017; and November 30, 2017).

Granted, it was the petitioner's *lawyers*—not the petitioner himself—who filed all these motions for extensions of time. And the docket shows that the petitioner had two different lawyers over the almost three-year period from March 2015 through January 2018. Reading between the lines, the petitioner is not happy that his lawyers sought all of these extensions[1]—he says that his direct appeal will be ineffective in protecting his rights because (1) one of the witnesses has died; (2) other witnesses have forgotten about key hearings; and (3) evidence has been lost forever due to statutes of limitation on maintaining records. Dkt. No. 7 at 2.

The court imagines that the petitioner is frustrated. But the law does not allow the court to circumvent the exhaustion requirement because of a petitioner's frustration. Nor can the court conclude that it is futile for the petitioner to continue with the appeal process. The petitioner's lawyer has now filed the appellate brief, and the respondent's brief is due June 25, 2018. State

---

[1] Indeed, the appellate docket shows that the petitioner moved to discharge his most recent attorney, *and* that the attorney moved to withdraw. The court of appeals denied both motions. State v. Maries D. Addison, 2018AP00055-cr, located at https://wscca.wicourts.gov.

v. Maries D. Addison, 2018AP00055-cr, located at https://wscca.wicourts.gov. The issues on appeal are legal ones. If the court of appeals (or, for that matter, the Wisconsin Supreme Court) determines that the petitioner is entitled to relief, either his conviction will be vacated (meaning that his concerns about old and missing evidence will be irrelevant), or the case will be remanded to the trial court for a new trial (at which time, he can raise his concerns there). The petitioner has not demonstrated that, even with the delays of which he complains, the court of appeals cannot adequately address his claims. Indeed, the "State courts are 'equally bound to guard and protect rights secured by the Constitution.'" Duckworth, 454 U.S. at 3-4 (quoting Ex parte Royall, 117 U.S. 241, 251 (1886)).

The petitioner has not exhausted his claims in state court, and the futility exception to the exhaustion requirement does not apply. That means that this court cannot consider the petitioner's claims. The petitioner must exhaust his remedies in state court; once he does, he can file a *habeas* petition in federal court.

**V.     Conclusion**

The court **OVERRULES** the petitioner's objections to Judge Duffin's report and recommendation. Dkt. No. 7.

The court **ADOPTS** Judge Duffin's recommendation. Dkt. No. 6.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE** for failure to exhaust.

The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty (30)** days of the entry of judgment. See Fed. R. of App P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the thirty-day deadline. See Fed. R. App. P. 4(a)(5)(A).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight (28)** days of the entry of judgment. The court cannon extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects the parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 21st day of June, 2018.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**