UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARIES D. ADDISON,

        Petitioner,

v.                                                                  Case No. 18-cv-395-pp

WARDEN SCOTT ECKSTEIN,

        Respondent.

**ORDER DENYING PETITIONER'S MOTION TO ALTER JUDGMENT (DKT. NO. 15)**

On March 13, 2018, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2254, challenging his November 21, 2012 judgment of conviction in Milwaukee County Circuit Court for multiple charges related to human trafficking and sexual assault. Dkt. No. 1. Two weeks later, Magistrate Judge William E. Duffin screened the petition under Rule 4 of the Rules Governing Section 2254 Cases and recommended that this court dismiss the petition because the petitioner had appeals pending in the Wisconsin Court of Appeals. Dkt. No. 6. The petitioner objected to the report and recommendation. Dkt. No. 6. This court overruled the petitioner's objections, adopted Judge Duffin's report and recommendation and dismissed the petition without prejudice. Dkt. No. 13. Judgment was entered on June 21, 2018. Dkt. No. 14. On July 19, 2018, the petitioner filed a motion to alter

1

judgment under either Federal Rule of Civil Procedure 59(e) or Rule 60(b). Dkt. No. 15. The court will deny the motion.

**I.  Legal Standard**

Federal Rule of Civil Procedure 59(e) says that within twenty-eight days of the court entering judgment, a party may file a motion to alter or amend that judgment. The plaintiff filed his motion exactly twenty-eight days after the court entered judgment, so it was timely under Rule 59(e). "Rule 59(e) allows a court to alter or amend a judgment only if the petitioner can demonstrate a manifest error of law or present newly discovered evidence." Obriecht v. Raemisch, 517 F.3d 489, 494 (7th Cir. 2008) (citing Sigsworth v. City of Aurora, 487 F.3d 506, 511-12 (7th Cir. 2007)). Whether to grant a motion to amend judgment "is entrusted to the sound judgment of the district court." In re Prince, 85 F.3d 314, 324 (7th Cir. 1996).

Rule 60(b) allows a court to grant relief from a final judgment for specific reasons, within a "reasonable time" after entry of judgment. "Rule 60(b) allows a district court to relieve a party from a judgment on the narrow grounds of mistake, inadvertence, surprise, excusable neglect, newly discovered evidence, voidness, or 'any other reason justifying relief from the operation of the judgment.'" Tylon v. City of Chi., 97 F. App'x 680, 681 (7th Cir. 2004) (quoting Fed. R. Civ. P. 60(b)). "It is well-established that Rule 60(b) relief is an extraordinary remedy and is granted only in exceptional circumstances.'" Wickens v. Shell Oil Co., 620 F.3d 747, 759 (7th Cir. 2010) (quoting Dickerson v. Board of Educ., 32 F.3d 1114, 1116 (7th Cir. 1994)).

## II. Analysis

The petitioner has not presented the court with any newly discovered evidence. He does not argue that the court made a manifest error of law. He has not pointed to any one of the specified grounds for relief under Rule 60(b). He only argues that this court "did not fully understand the facts." Dkt. No. 15 at 7. He says that the court was "misguided it its assessment when it opin[ed] that the Petitioner [was] somehow to blame for the delays caused by his court appointed counsel (see page 4) when in fact the Petitioner filed numerous complaints with the Office of Lawyer Regulation, to get the process[] sped up." Id. at 4.

Both Judge Duffin and this court determined that the petitioner could not proceed on his petition because he had not yet exhausted his state court remedies—at the time of the decisions, the petitioner still had a direct appeal pending before the Wisconsin Court of Appeals. Dkt. Nos. 6, 13. The law prohibits a federal court from granting federal *habeas* relief if the petitioner has not fully exhausted his remedies in state court; he must litigate his claims to the highest level of the state court (the Wisconsin Supreme Court) before he can bring them in federal court. This court told the petitioner that it was dismissing his case *without* prejudice, meaning that he could re-file the federal *habeas* petition once he had exhausted his state court remedies. The petitioner's current motion re-argues points that he made in his petition, but does not address the reason the court had to dismiss his case—the fact that he had not yet finished his state-court litigation.

3

The court looked on the Wisconsin Supreme Court and Court of Appeals Access web site, and discovered that the petitioner's appeal is still pending; it has been fully briefed since August 3, 2018, but the *state court* has not yet issued its decision. State v. Addison, Appeal No. 2018AP55 (consolidated), accessible at https://wscca.wicourts.gov. The petitioner argued in his petition, and argues in this motion, that the fact that it is taking so long for the state appellate court to decide his case has made the appeal process ineffective. The court understands his frustration, but it does not change the fact that this court *cannot*, under the law, consider or grant his federal *habeas* petition until that state court process is finished.

The court noted in its June 21, 2018 order that the petitioner's lawyers were part of the reason for the delay in state court—they had asked for many extensions at the court of appeals. Dkt. No. 13 at 5. In this current motion, the petitioner says the court was "misguided" when it seemed to blame the petitioner for the delays. Dkt. No. 15 at 4. He says that he has been complaining to the Office of Lawyer Regulation about his lawyers taking so much time. Id. He points out that the State Public Defender (who provided his lawyers) is overburdened and underfunded. Id. He asks that, at the very least, the court schedule a hearing and allow him to present evidence to show that his state-court counsel has been ineffective. Id. at 7.

The court understands all these arguments. The court did not intend, in its order, to criticize the petitioner for the state-court delays; it tried to explain that it was his lawyers who'd asked for the extensions of time, not the

4

petitioner. But no matter how much the court understands the petitioner's frustrations and concerns, it legally cannot give him a hearing, or do anything else for him, until he has finished his case in state court. When he finished his state-court case—however far in the future that may be—the petitioner may come to federal court. Until then, this court cannot help him.

## III. CONCLUSION

The court **ORDERS** that the motion to alter or amend judgment is **DENIED.** Dkt. No. 15.

Dated in Milwaukee, Wisconsin this 19th day of March, 2019.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**